# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 7, 2019

158673

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

YOREL RENDELL-SIVAD FOSTER,
      Defendant-Appellee.

SC: 158673
COA: 343668
Wayne CC: 18-001283-AR

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

_____/

On order of the Court, the application for leave to appeal the October 4, 2018 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the Court's order denying leave to appeal and would instead reverse the circuit court's affirmance of the district court's order suppressing the firearm seized from defendant or, in the alternative, remand to the Court of Appeals for consideration as on leave granted. Defendant was charged with carrying a concealed weapon, felon in possession of a firearm, and felony-firearm. At the preliminary examination, the district court dismissed the case, finding that the discovery of the firearm was unconstitutional, and the circuit court affirmed. The Court of Appeals then denied leave to appeal, but Chief Judge MURRAY would have granted leave to appeal.

The prosecutor argues that the lower courts (the district and circuit courts) erred in finding that the discovery of the firearm was unconstitutional. These courts determined that the police engaged in unconstitutional conduct by approaching defendant as he was walking in public and engaging him in conversation. However, approaching a person walking in public and engaging him in conversation does not amount to a seizure of that person. *People v Shabaz*, 424 Mich 42, 56 (1985) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions.") (quotation marks and citation omitted); *United States v Drayton*, 536 US 194, 200 (2002) ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen."). Therefore, I agree with the prosecutor that the officer

did not seize defendant when he approached defendant and asked him if he possessed a weapon.

Rather, defendant was not seized until the officer ordered him to place his hands in the air, at which point the officer could see the handgun in defendant's jacket. However, this seizure was justified because by that time the officer had already noticed a bulge in defendant's pocket and when asked about it, defendant became nervous, grabbed the bulging object, and turned sideways away from the officer. That is, at the point at which the officer asked defendant to place his hands in the air, he possessed a "reasonable suspicion that crime [was] afoot," which was sufficient to justify a *Terry*[1] "stop and frisk." *People v Champion*, 452 Mich 92, 98 (1996) (quotation marks and citation omitted). During this "stop and frisk," when the officer saw the handgun and determined that defendant lacked a concealed weapons permit, the officer possessed probable cause to arrest defendant. For these reasons, I agree with the prosecutor that the lower courts erred in finding a constitutional violation here, instead of recognizing an effective law enforcement effort.

Thus, I would reverse the circuit court's affirmance of the district court's order suppressing the firearm seized from the defendant or, in the alternative, remand to the Court of Appeals as on leave granted for consideration of *People v Anthony*, ___ Mich App ___ (2019) (Docket No. 337793), in which the Court of Appeals reversed a circuit court order suppressing evidence based in part on the same theory as both lower courts applied in the present case-- that the police engage in unconstitutional conduct by approaching a suspect in a public area.

ZAHRA, J., would remand this case to the Court of Appeals as on leave granted.

---

[1] *Terry v Ohio*, 392 US 1 (1968).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 7, 2019



Clerk

t0604